## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM F. KAETZ | **CIVIL ACTION**<br>Case#: _____ |
| V. | |
| UNITED STATES OF AMERICA | **Fraud, Fraud on the Court, Misconduct**<br>**Bivens Action Against Government**<br>**Employees** (Civil Rights action, 42 U.S.C. §<br>1983 and §1985 upon federal actors) |
| US DEPARTMENT OF JUSTICE | |
| EDUCATIONAL CREDIT<br>MANAGEMENT CORP | **Constitutional Challenge of a Statute** |
| EXPERIAN | **Demand for Jury Trial** |
| TRANSUNION | **Jurisdiction**<br>28 U.S.C. § 1331<br>Federal Question Jurisdiction |
| EQUIFAX INC | |
| LAW OFFICES OF KENNETH L. BAUM<br>    KENNETH L. BAUM | 28 U.S.C. § 1332<br>Diversity of Citizenship |
| SCHUCKIT & ASSOCIATES<br>    CAMILLE R. NICODEMUS<br>    WILLIAM R. BROWN, ESQ. | **United States as Defendant**<br>28 U.S.C. § 1346<br>the "Tucker Act" |
| PRICE MEESE SHULMAN &<br>D'ARMINIO<br>    DOROTHY A. KOWAL | Federal Torts Claims Act<br>28 U.S.C. §§ 2401, 2402, 2670 - 2680 |
| SEYFARTH SHAW LLP<br>    ROBERT T. SZYBA | **Remedy Actions**<br>5 U.S.C. § 702<br>Administrative Procedures Act |
| CLARK HILL \| INTERNATIONAL LAW<br>FIRM<br>    BORIS BROWNSTEIN, ESQ. | 28 U.S.C. § 1651<br>All Writs Act |

## CONTENTS

I.   PLAINTIFF .................................................................................................................... 3

II.   DEFENDANTS ............................................................................................................ 3

III.   INCORPORATION OF OTHER CASES ..................................................................... 6

IV.   JURISDICTION ........................................................................................................... 6

V.   CONSTITUTIONAL PROVISIONS INVOLVED...................................................... 9

VI.   STATEMENT OF THE CASE..................................................................................... 9

11 U.S.C. §523(a)(8) is Unconstitutional for being Void for Vagueness, The Fraud Perpetrated by the Defendants............................................................................................................ 10

The Supreme Court Supports Adding Words to Statutes and Rules is Fraud........................... 14

11 U.S.C. §523(A)(8) Being Unconstitutional for Being Void for Vagueness Claim.............. 15

Absurd Results of the Void for Vagueness of Statute 11 U.S.C. §523(A)(8) and the Fraud.... 17

1stAmendment Content and Viewpoint Discrimination Claim ................................................ 18

Fraud on the Court Claim....................................................................................................... 20

Reason For Granting This Complaint ..................................................................................... 22

Jury Trial Demanded............................................................................................................. 23

Charge 1 - Bivens Claims Against Government Employees .................................................... 23

Charge 2 - Fraud................................................................................................................... 25

Charge 3 - Fraud on the Court............................................................................................... 25

Charge 4 - Misconduct.......................................................................................................... 26

Charge 5 - Tort Injuries......................................................................................................... 26

Monetary Relief.................................................................................................................... 26

Court 6 - Administrative Action............................................................................................ 26

Count 7 - Writs..................................................................................................................... 26

VII.   CERTIFICATION .................................................................................................... 27

# COMPLAINT

## I.   PLAINTIFF

WILLIAM F. KAETZ
437 Abbott Road
Paramus NJ, 07652
Bergen County
201-753-1063
billkaetz@gmail.com

## II.   DEFENDANTS

1.      UNITED STATES OF AMERICA (USA, United States, US, U.S.). This is the legal

fiction National Government entity, a federal presidential constitutional republic founded by the

Constitution of the United States. Other defendants, (DOJ) are agencies of the USA, and

employees of the USA, and they committed fraud and fraud on the court causing Civil Rights

Violations and tort and economic injuries.

2.      UNITED STATES DEPARTMENT OF JUSTICE (DOJ)
        U.S. Department of Justice
        950 Pennsylvania Avenue, NW
        Washington, DC 20530-0001

The DOJ is a government agency of the USA, its employees (Judges) committed fraud and fraud

on the court in case No: 6:16-cv-09225, App No: 20-2592, causing Civil Rights Violations and

tort and economic injuries.

3.      EDUCATIONAL CREDIT MANAGEMENT CORP
        1 Imation Place Building 2
        Oakdale, MN 55128

Educational Credit Management Corp. (ECMC) committed fraud and fraud on the court and

misconduct causing Civil Rights Violations and tort and economic injuries.

4.      LAW OFFICES OF KENNETH L. BAUM
        KENNETH L. BAUM, ESQ.
        Direct: 201-853-3030
        Email: kbaum@kenbaumdebtsolutions.com

Suite 104201 West Passaic Street
Rochelle Park, NJ 07662

Law Offices of Kenneth L. Baum and Kenneth L. Baum, Esq. are the legal representatives of

Educational Credit Management Corp. (ECMC) that committed fraud and fraud on the court and

misconduct causing Civil Rights Violations and tort and economic injuries.

5.      EXPERIAN
        475 Anton Blvd.
        Costa Mesa, CA 92626
        1 714 830 7000

Experian is a credit reporting agency that conspired with ECMC that conspired with the other

defendants to commit fraud and fraud on the court and misconduct causing Civil Rights

Violations and tort and economic injuries.

6.      PRICE MEESE SHULMAN & D'ARMINIO
        DOROTHY A. KOWAL, ESQ.
        Direct: 201-391-3737
        Email: dkowal@pricemeese.com
        Price Meese Shulman & D'Arminio
        50 Tice Boulevard
        Suite 380
        Woodcliff Lake, NJ 07677

Price Meese Shulman & D'arminio and Dorothy A. Kowal, Esq. are the legal representatives of

EXPERIAN that conspired with the other defendants to committed fraud and fraud on the court

and misconduct causing Civil Rights Violations and tort and economic injuries.

7.      TRANSUNION
        555 W Adams St,
        Chicago, IL 60661

Transunion is a credit reporting agency that conspired with ECMC that conspired with the other

defendants to commit fraud and fraud on the court and misconduct causing Civil Rights

Violations and tort and economic injuries.

**8.**     SCHUCKIT & ASSOCIATES
WILLIAM R. BROWN, ESQ.
CAMILLE R. NICODEMUS, ESQ.
Direct: 317-363-2400
Email: wbrown@schuckitlaw.com
Schuckit & Associates
4545 Northwestern Drive
Zionsville, IN 46077

Schuckit & Associates, William R. Brown, Esq. And Camille R. Nicodemus, Esq. are the legal

representatives of Transunion that conspired with the other defendants to committed fraud and

fraud on the court and misconduct causing Civil Rights Violations and tort and economic

injuries.

EQUIFAX INC
1550 Peachtree St. NW
Atlanta, GA 30309

Equifax Inc. is a credit reporting agency that conspired with ECMC that conspired with the other

defendants to commit fraud and fraud on the court and misconduct causing Civil Rights

Violations and tort and economic injuries.

**9.**     CLARK HILL | INTERNATIONAL LAW FIRM
BORIS BROWNSTEIN, ESQ.
Direct: 609-785-2923
Email: bbrownstein@clarkhill.com
Clark Hill
210 Carnegie Center
Suite 102
Princeton, NJ 08540

Clark Hill | International Law Firm and Boris Brownstein, Esq. are the legal representatives of

Equifax Inc. that conspired with the other defendants to committed fraud and fraud on the court

and misconduct causing Civil Rights Violations and tort and economic injuries.

**10.**    SEYFARTH SHAW LLP
ROBERT T. SZYBA, ESQ.
Direct: 212-218-3351
Email: rszyba@seyfarth.com

Seyfarth Shaw
620 Eighth Avenue
New York, NY 10018

Seyfarth Shaw LLP and Robert T. Szyba, Esq. are the legal representatives of Equifax Inc. that

conspired with the other defendants to committed fraud and fraud on the court and misconduct

causing Civil Rights Violations and tort and economic injuries.

### III.    INCORPORATION OF OTHER CASES

I incorporate Case No: 6:16-cv-09225, App No: 20-2592, *Kaetz* v. *ECMC et. al.*

### IV.    JURISDICTION

**1.**      This court has jurisdiction over this Civil Complaint under 28 U.S.C. § 1331, Federal

Question, I present a federal question. Is statute 11 U.S.C. §523(a)(8) unconstitutional for being

void for vagueness?

**2.**      This court has jurisdiction over this Civil Complaint under 28 U.S.C. § 1332, Diversity,

the plaintiff and defendants reside in different states.

**3.**      This court has jurisdiction over this Civil Complaint under the Civil Rights Act for Civil

Rights violations being complained of in this complaint, specifically 42 U.S.C. §§ 1983, 1985 as

a Bivens Action as per *Bivens* v. *Six Unknown Named Agents, 403 U.S. 388, 91 S. Ct. 1999, 29*

*L. Ed. 2d 619 (1971)* against federal actors and court officers.

**4.**      Under 28 U.S.C. § 1346 the United States is a defendant and waived sovereign immunity

to be sued under the so-called "Little Tucker Act" Specifically, the Tucker Act permits three

kinds of claims against the government: (1) contractual claims, (2) noncontractual claims where

the plaintiff seeks the return of money paid to the government and (3) noncontractual claims

where the plaintiff asserts that he is entitled to payment by the government. Today, jurisdiction

over Tucker Act claims is vested in the United States Court of Federal Claims. The United States

Court of Federal Claims has exclusive jurisdiction over Tucker Act claims in excess of $10,000,

while another statutory grant of jurisdiction—the so-called "Little Tucker Act"—allows the court

to entertain similar suits against the United States for claims of less than $10,000 concurrently

with the federal district courts. Prior to the passage of the Federal Courts Improvement Act of

1982, however, this jurisdiction was vested in the original U.S. Court of Claims. Jurisdiction of

this District Court runs concurrently for claims of less than $10,000, the claim against the United

States is $9,999.99 in this case.

5.      Under the Administrative Procedure Act (5 U.S.C.A. §§ 702–703) Congress also waived

sovereign immunity in cases seeking injunctive or other nonmonetary relief against the United

States in a 1976 amendment to the Administrative Procedure Act (5 U.S.C.A. §§ 702–703).  A

person suffering legal wrong because of agency action, or adversely affected or aggrieved by

agency action within the meaning of a relevant statute, is entitled to judicial review thereof.

Plaintiff is seeking judicial review thereof and seeking injunctive or other nonmonetary relief

against the United States and its agencies.

6.      United States is a defendant under the Federal Torts Claims Act (28 U.S.C. §§ 2401,

2402, 2670 – 2680) for torts implemented by United States employees. (1) I was injured by

federal government employees; (2) the employees were acting within the scope of his official

duties; (3) the employees were acting negligently and wrongfully; and (4) the negligent and

wrongful act proximately caused the injury of which I complain.

7.      My complaint is about a mass tort. The Supreme Court has recognized mass tort and has

held: "standing is easily recognized, for instance, in the case of a "widespread mass tort" even

though "large numbers of individuals suffer the same common-law injury", *FEC* v. *Akins*, 524

U.S. 11, 24, 118 S. Ct. 1777, 141 L. Ed. 2d 10 (1998), and for good reason: "to deny standing to

persons who are in fact injured, simply because many others are also injured, would mean that the most injurious and widespread government actions could be questioned by nobody," *Massachusetts* v. *EPA*, 549 U.S. 497, 526, n. 24, 127 S. Ct. 1438, 167 L. Ed 2d 248 (2007) (quoting SCPAP 412 U.S. at 688) harm to all – even in the nuanced world of standing law – cannot be logically equated with harm to no one". The Supreme Court also recognized, "the fact that injury may be suffered by a large number of people does not of itself make that injury a nonjusticiable generalized grievance, The victim's injuries from a mass tort, for example, are widely shared, to be sure, but each individual suffers a particularized harm.' *Spokeo Inc.*, v. *Robins*, 136 S. Ct. 1540 (U.S. May 16, 2016) Also, in the *Spokeo* case, "the concrete-harm requirement does not apply as rigorously when a private plaintiff seeks to vindicate his own private rights. Our contemporary decisions have not required a plaintiff to assert an actual injury beyond the violation of his personal legal rights to satisfy the "injury-in-fact" requirement." See, e.g., *Cary* v. *Piphus*, 435 U.S. 247, 266, 98, S. Ct. 1042 55L. Ed. 2d 252 (1978) (holding that nominal damages are appropriate when a plaintiff's Constitutional rights have been infringed but cannot show further injury) The 1st circuit held, "Economic injury, even on indirect nature, will establish sufficient concrete adverseness to meet article III "case and Controversy" test." *Friedman* v. *Harold*, 638 F. 2d 262 1981 U.S. App. Lexis 21048 (1st Cir. 1981) All the above support the conclusion that this court has jurisdiction and I have U.S. Const. Article III standing, this case meets the Article III "Case and Controversy" test because the matter of this case is about a mass tort that caused economic injury.

**8.**    Jurisdiction is under the fraud provisions of Fed. R. Civ. P. Rule 9.

**9.**    Jurisdiction is under Fed. R. Civ. P. Rule 5.1 that implements 28 U.S.C. § 2403 for the constitutional challenge of 11 U.S.C. §523(a)(8) for being void for vagueness.

## V.   CONSTITUTIONAL PROVISIONS INVOLVED

U.S. Constitution Amendment I

> Congress shall make no law respecting an establishment of religion, or
> prohibiting the free exercise thereof; or abridging the freedom of speech, or of
> the press; or the right of the people peaceably to assemble, and to petition the
> Government for a redress of grievances.

U.S. Constitution Amendment V

> No person shall be held to answer for a capital, or otherwise infamous crime,
> unless on a presentment or indictment of a Grand Jury, except in cases arising in
> the land or naval forces, or in the Militia, when in actual service in time of War
> or public danger; nor shall any person be subject for the same offence to be twice
> put in jeopardy of life or limb; nor shall be compelled in any criminal case to be
> a witness against himself, nor be deprived of life, liberty, or property, without
> due process of law; nor shall private property be taken for public use, without
> just compensation.

U.S. Constitution Amendment VIII

> Excessive bail shall not be required, nor excessive fines imposed, nor cruel and
> unusual punishments inflicted.

U.S. Constitution Amendment XIV

> Section 1
> All persons born or naturalized in the United States and subject to the jurisdiction
> thereof, are citizens of the United States and of the State wherein they reside. No
> State shall make or enforce any law which shall abridge the privileges or
> immunities of citizens of the United States; nor shall any State deprive any person
> of life, liberty, or property, without due process of law; nor deny to any person
> within its jurisdiction the equal protection of the laws.

## VI.   STATEMENT OF THE CASE

1.   I sued the defendants for illegal debt collection and illegal credit reporting and contempt

of a bankruptcy court order. I was deemed indigent in my bankruptcy case several times. I was

pro se in the bankruptcy case, I fought tooth and nail to get it done.

2.   After I received discharge from all debts, the defendants came after me and started debt

collection on ~~$13,000~~ *$ 15,835.* student loans and took away my "fresh start" and destroyed my life for 5

years causing undue hardship upon an indigent person. They claimed I was required by law to do

an adversary proceeding to get an undue hardship determination and go through undue hardship tests. All these things are not written in the bankruptcy statutes and rules. Congress did not write the statute that way. The Supreme Court denounced reading words into the statutes. Making law is for legislators, not for the defendants.

The statute 11 U.S.C. §523(a)(8) only states:

"unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents".

3.      There is no direction to do an adversary proceeding to get an undue hardship determination and go through undue hardship tests.

4.      The defendants read language into the laws committing fraud, fraud on the court, and tort and economic injuries that resulted in cruel and unusual punishment and intentional infliction of emotional distress, this includes judges of this court and of the 3rd circuit district court. Although acting within the scope of official duties, it was negligent and a total lack of jurisdiction to rewrite laws.

### 11 U.S.C. §523(a)(8) is Unconstitutional for being Void for Vagueness, The Fraud Perpetrated by the Defendants

1.      The language of the statute written by legislators, 11 U.S.C. §523 (a)(8) says:

11 U.S. Code § 523 - Exceptions to discharge

(a)   "A discharge under 727, 1141, 1192, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt...

    (8) unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for—

        (A) (i) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or

(ii) an obligation to repay funds received as an educational benefit, scholarship, or stipend; or

(B) any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual;

2.      How I understand the statute, there is a condition, a requirement, that the exception from discharge must not impose undue hardship, therefore there is a presumption of discharge for an indigent person like me and a requirement upon the creditors not to impose undue hardship. There is no language or direction to a requirement upon debtors to do anything.

3.      There's no adversary proceeding requirement or undue hardship determination or undue hardship test requirement, or how to do it, or who must do it and when to do it. There is no more to the statute.

4.      There is no language or direction to another statute or rule or court case. There is a presumption for discharge if collecting the debt imposes undue hardship, that would be me, an indigent person.

5.      However, there is fraud, there is disputed non-binding obiter dicta being added and read into the statute used by the defendants that says the opposite and is the fraud and fraud on the court and constitutes misconduct that caused tort and economic injuries upon me.

6.      There are non-binding obiter dicta from two Supreme Court cases that are misapplied as "stare decisis" authority for bankruptcy and student loans: *United Student Aids Funds Inc.,* v. *Francisco J. Espinosa*, 559 U.S. 260 (2010), and *Tenn. Student Assistant Corp.* v. *Hood*, 541 U.S. 440 (U.S. May 17, 2004) that are being read into the statute 11 U.S.C. §523(a)(8) and bankruptcy rules that are not in the bankruptcy statutes and rules.

7.      The *Hood* case, the subject matter of the case was 11th Amendment State Immunity. The *Espinosa* case, the subject matter of the case was Fed. R. Civ. P. Rule 60 motions.

**8.**    In the *Hood* and *Espinosa* cases obiter dicta about student loans and bankruptcy existed

and were read into the language of 11 U.S.C. §523(a)(8) and bankruptcy rules that are not in the

bankruptcy statutes and rules.

**9.**    The obiter dicta were not part of the holdings and not part of the subject matter of the

*Hood* and *Espinosa* cases, they are classic obiter dicta and not legally binding. I am disputing the

obiter dicta.

**10.**    A side comment in the Rule 60 *Espinosa* case, footnote 13, was incorrectly used as

binding stare decisis, and read into the statute, the disputed obiter dicta in the footnote says:

> "This is essential to preserve the distinction between Congress' treatment of
> student loan debts in §523(a)(8) and debts listed elsewhere in §523. Section
> 523(a)(8) renders student loan debt presumptively nondischargeable "unless" a
> determination of undue hardship is made. In contrast, the debts listed in §523(c),
> which include certain debts obtained by fraud or "willful and malicious injury by
> the debtor," §523(a)(6), are presumptively dischargeable "unless" the creditor
> requests a hearing to determine the debt's dischargeability. The Court of Appeals'
> approach would subject student loan debt to the same rules as the debts specified
> in §523(c), notwithstanding the evident differences in the statutory framework for
> discharging the two types of debt."

**11.**    In the State Immunity *Hood* case, the non- binding obiter dicta used is:

> "unless debtor affirmatively secures a hardship determination, the discharge
> order will not include a student loan debt. Norton § 47:52 at 47-137 to 47-138."

**12.**    This non- binding obiter dicta is not from congress, it is not from the text of the statute, it

is from a textbook "3 W. Norton Bankruptcy Law and Practice" and from a side comment.

**13.**    This is content and viewpoint discrimination from a side comment footnote and a Norton

law book, it is not law from legislation and it certainly not in the statutory language of 11 U.S.C.

§523(a)(8) or the bankruptcy rules, it is not what congress wrote.

**14.**    This is content and viewpoint discrimination from non-binding obiter dicta that

defendants used to read language into the statute that is not there that discriminates debtors of

student loans, including me, and it is a usurpation of legislative power to rewrite the law and was used to chill the void for vagueness argument in violation to the 1st Amendment in my previous case.

15.     I have been arguing the very same points the obiter dicta have been controlling. What the defendants claim in obiter dicta that is non-binding and disputed, is not in the statute or court rules. This conflicts with this U.S. Supreme Court's maxim of law in *Cohens* v. *Virginia*, 19 U.S. 264, 399 5 L Ed 257 (1821) at Page 399 to 400, that held:

> "It is a maxim not to be disregarded, that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used. If they go beyond the case, they may be respected, buy ought not to control the judgment in a subsequent suit when the very point is presented for decision. The reason of this maxim is obvious. The question actually before the Court is investigated with care, and considered in its full extent. Other principles which may serve to illustrate it are considered in their relation to the case decided, but their possible bearing on all other cases is seldom completely investigated."

16.     Congress did not include an undue hardship determination requirement; it is not in the statute or court rules. In Bankruptcy Rule 7001 the word "debt" is not equivalent to "undue hardship", how can the courts say a "determination of a debt" is equal to an "undue hardship determination". It is arbitrary and is a demonstrably erroneous interpretation of law, an abuse of discretion, and an act that lacks jurisdiction, a court cannot rewrite laws.

17.     The defendants have read language into the statute that is not there with obiter dicta, the 3rd circuit court claimed:

> "Section 523(a)(8) renders student loan debt presumptively nondischargeable 'unless' a determination of undue hardship is made." *United Student Aid Funds, Inc.* v. *Espinosa*, 559 U.S. 260, 277 n.13 (2010).

> "the Bankruptcy Rules require a party seeking to determine the dischargeability of a student loan debt to commence an adversary proceeding by serving a summons and complaint on affected creditors." *Espinosa*, 559 U.S. at 268–69.

> See Fed. R. Bankr. P. 7001(6) (providing that adversary proceedings include "a proceeding to determine the dischargeability of a debt")

Fed. R. Bankr. P. 7001, Adv. Committee Notes (stating the rules govern procedural aspects of litigation involving matters referred to in Rule 7001); see also *Tennessee Student Assistance Corp.* v. *Hood*, 541 U.S. 440, 451-52 (2004) (discussing the filing of an adversary proceeding under the Bankruptcy Rules to discharge student loan debt).

Even if an undue hardship determination could have been made in Kaetz's bankruptcy case outside of an adversary proceeding, a finding of indigence is not the same as an undue hardship determination under § 538(a)(8). See *In re Faish*, 72 F.3d 298, 306 (3d Cir. 1995) (holding bankruptcy courts within the Third Circuit must apply the undue hardship test in *Brunner* v. *New York State Higher Educational Services Corporation*, 831 F.2d 395 (2d Cir. 1987) (per curiam)); see also *Hood*, 541 U.S. at 450 ("Unless the debtor affirmatively secures a hardship determination, the discharge order will not include a student loan debt.").

**18.**     These claims above are not in the statute or court rules, they are from non-binding obiter dicta that no one would find in the language of the statute or court rules. Reading the statute 11 U.S.C. §523(a)(8) and rules as it is written, is void of all the above claims.

**19.**     There is nothing in the bankruptcy statute 11 U.S.C. §523(a)(8) or rules guiding a debtor of student loans to rule 7001 adversary proceedings or to undue hardship determinations or to undue hardship tests. These claims are from courts making law, a usurpation of power, a fraud.

### The Supreme Court Supports Adding Words to Statutes and Rules is Fraud

**1.**     *Lamie v. United States Trustee* 540 U.S.  526, 530-38 (2004) should settle the matter. There, the Supreme Court refused to "read an absent word into [a] statute" despite "an apparent legislative drafting error" that rendered the statute "awkward, and even ungrammatical." "With a plain, non-absurd meaning in view, we need not proceed in this way," the Court said, noting their "longstanding" "unwillingness to soften the import of Congress' chosen words even if we believe the words lead to a harsh outcome." Id. at 538. "If Congress enacted into law something different from what it intended, then it should amend the statute... 'It is beyond our province to rescue Congress from its drafting errors, and to provide for what we might think ... is the

preferred result.'" Id. at 542. The fact is, "Congress did not write the statute that way." *United States* v. *Naftalin*, 441 U.S. 768, 773 (1979).

2.      The Supreme Court has instructed "that [the] legislature says . . . what it means and means . . . what it says." *Henson* v. *Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1725 (2017) (alteration and omissions in original) (quoting *Dodd* v. *United States*, 545 U.S. 353, 357 (2005)). In other words, "[a]s Justice Kagan recently stated, 'we're all textualists now.'" Brett M. Kavanaugh, Statutory Interpretation, 129 Harv. L. Rev. 2118, 2118 (2016) (reviewing Robert A. Katzmann, Judging Statutes (2014)) (quoting Justice Elena Kagan, The Scalia Lecture: A Dialogue with Justice Kagan on the Reading of Statutes at 8:28 (Nov. 17, 2015), http://perma.cc/BCF-FEFR).

3.      These court-made laws, language read into the statute, constitute discriminatory enforcement of 11 U.S.C. §523(a)(8) with the use of non-binding obiter dicta that is not in the statute 11 U.S.C. §523(a)(8) or bankruptcy rule 7001, this was done because the statute itself is void for vagueness and that opened the door for abuse of student loan debtors with arbitrary and discriminatory law enforcement and with content and viewpoint discrimination. The reading of words into the statute and rules is fraud, and fraud on the court and lacks jurisdiction and authority.

**11 U.S.C. §523(A)(8) Being Unconstitutional for Being Void for Vagueness Claim**

1.      I am challenging the constitutionality of 11 U.S.C. §523(a)(8) and claim it is unconstitutional for being void-for-vagueness, it fails to provide adequate notice of its scope and sufficient guidelines for its application and is being seriously arbitrarily discriminatorily enforced against debtors.

2.      There is a succession of this Court's holdings that support my claim: "The Constitutional ban on vague laws is intended to invalidate statutory enactments which fail to provide adequate notice of their scope and sufficient guidelines for their application." *Parachristou* v. *City of Jacksonville*, 405 U.S. 156, 162 – 63, 31 L. Ed 2d 110 92 S. Ct. 839 (1975).  "The Supreme Court has long held that overly vague laws are unconstitutional under the due process clause of the fifth and fourteenth amendments." See e.g. *Connally* v. *Gen. Const. Co.* 269 U.S. 385, 391, 46 S. Ct. 126, 70 L. Ed 332 (1926) "succinctly, "[i]n our constitutional order, a vague law is no law at all"", *United States* v. *Davis*, 139 S. Ct. 2319 2323, 204 L. Ed. 2d 757 (2019). The void for vagueness doctrine "guarantees that ordinary people have fair notice of the conduct a statute proscribes [and] guards against arbitrary or discriminatory law enforcement by insisting that the statute provide standards to govern the actions of police officers, prosecutors, juries, and judges". *Session* v. *Dimaya*, 138 S. Ct. 1204 at 1212 "[T]he void-for-vagueness doctrine is applicable to civil as well as criminal laws." *Giaccio* v. *Pennsylvania* 382 U.S. 399, 402 15 L. Ed. 2d 447, 86 S. Ct. 518 (1966). "… the degree of vagueness tolerated under the constitution, however, will depend in part on the nature of the enactment, and the determination of vagueness must be made in light of the contextual background of the particular law, with a firm understanding of its purpose. *Village of Hoffman Estates* v. *Flipside Hoffman Estates*, 455 U.S. 489, 498, 71 L. Ed 2d 362, 102 S. Ct. 1186 (1982); (from *Leonen* v. *Johns – Manville Corp.*, 717 F. Supp. 272 (D.N.J. July 5 1989). "A statute is thus void for vagueness only if it wholly … is so standardless that it authorizes or encourages seriously discriminatory enforcement.'" *Johnson* v. *United States*, 576 U.S. 591, 629 (2015).

3.      Incorporating all the above, the Statute 11 U.S.C. §523(a)(8) is an overly vague law and is unconstitutional under the due process clause of the 5th Amendment and 14th Amendment, it is

no law at all. It fails to provide adequate notice of its scope and sufficient guidelines for its

application and is so standardless that it authorizes or encourages seriously discriminatory

enforcement using court-made law from non-binding obiter dicta that conflicts with *Gamble* v.

*United States*, 139 S. Ct. 1960 (U.S. June 17, 2019) Justice Thomas explained:

> "When faced with a demonstrably erroneous precedent, my rule is simple:
> we should not follow it. This view ... follows directly from the Constitution
> Supremacy over other sources of law – including our own precedents. That the
> Constitution outranks other sources of law is inherent in its nature, ... The
> Constitution's Supremacy is also reflected in its requirement that all judicial
> officers, executive officers, congressmen and state legislators take an oath to
> "support this Constitution", Art. VI, cl. 3, see also Art. II, § I, cl, 8..."

> "I am aware of no legislative reason why a court may privilege a
> demonstrably erroneous interpretation of the Constitution over the Constitution
> itself" ... "the same principle applies when interpreting statutes and other sources
> of law; if a prior decision demonstrably erred in interpreting such a law, federal
> judges should exercise the judicial power – not perpetuated a usurpation of
> legislative power – and correct the error. A contrary rule would permit judges to
> "substitute their own pleasure" for the law...."

**4.**     Pursuant to S. Ct. Justice Thomas in *Gamble* federal courts should fix demonstrably

erroneous interpretations of law, not perpetrate a usurpation of power – not make law – and

adhere to the Constitution. Reading words into the bankruptcy statutes and rules is a

demonstrably erroneous interpretation of law, a perpetration of usurpation of power, it is

unconstitutional, it is an absurd result, it is an abuse of discretion, it conflicts with the Supreme

Court's holdings, and this court is obligated to correct it, not just for me, for the nation.

**Absurd Results of the Void for Vagueness of Statute 11 U.S.C. §523(A)(8) and the Fraud**

**1.**     Statute 11 U.S.C. §523(a)(8) fails to provide a person of ordinary intelligence fair notice

of what is prohibited or required, and is so standardless that it authorizes and encourages

seriously discriminatory enforcement as evidenced in the disputed non-binding obiter dicta used

to add content and viewpoints to the statute discriminating debtors of student loans that led to

subjecting debtors of student loans to alleged adversary hearing requirements and required undue

hardship determinations and tests that are nowhere to be found in the bankruptcy code, and the

debt became automatically excluded from discharge without assessing the credibility of the

educational institutions' credibility and sustainability of the educational benefit, allowing

educational institutions to commit fraud and making the student pay for it. Although a loan may

have been accredited to start a government guaranteed loan, many do not hold that status for

long, therefore become not a debt under 11 U.S.C. §523(a)(8) and unsustainable to pay the loan

back at no fault of the debtor. The creditor has automatic exemption due to the disputed obiter

dicta, they can commit fraud and discriminate the debtor, as in my case. This fraud and

discrimination originate from the vagueness of 11 U.S.C. §523(a)(8) and the disputed non-

binding obiter court dicta used as law to correct Congress's error. The courts have been making

law reading language into the law using the discriminating disputed non-binding obiter court

dicta that is content and viewpoint discriminations against student loan debtors to validate the

statute and control the debate about student loans and bankruptcy, and that conflicts with all the

Supreme Court Cases quoted herein and the Constitution itself, the 1st, 5th, 8th, and 14th

Amendments.

### 1st Amendment Content and Viewpoint Discrimination Claim

1.      The Defendants overlooked the void-for-vagueness of 11 U.S.C. § 523 (a)(8) and read

language into the statutes and rules to avoid the issue, and doing so, added content and viewpoint

discriminations, the disputed non-binding obiter dicta from the *Hood* and *Espinosa* cases, to

suppress the void-for-vagueness of 11 U.S.C. § 523 (a)(8) argument and chill this legal argument

from being argued, these actions are in conflict with the 1st Amendment.

2.      It is established in *Turner Broadcasting Sys., Inc,* v. *FCC*  512 U.S. 622, 641 (1994)

Content-based restrictions "are subject to the 'most exacting scrutiny,' ... because they 'pose the

inherent risk that the Government seeks not to advance a legitimate regulatory goal, but to

suppress unpopular ideas or information or manipulate the public debate through coercion rather

than persuasion.'" Id. (quoting *Turner Broadcasting,* 512 U.S. At 641-642). Viewpoint

discrimination is "[w]hen the government targets not subject matter, but particular views taken

by speakers on a subject." Id. (quoting *Rosenberger* v. *Rector & Visitors of Univ. of Va.* 515 U.S.

819, 829 (1995) "Viewpoint discrimination is thus an egregious form of content discrimination."

Id. (quoting *Rosenberger,* 515 U.S. at 829). "The government must abstain from regulating

speech [the Constitution] when the specific motivating ideology or the opinion or perspective of

the speaker is the rationale for the restriction." Id. (quoting *Rosenberger,* 515 U.S. At 829).

'Viewpoint discrimination' is forbidden." Id. (citing *Rosenberger,* 515 U.S. at 830-831). In a

concurring opinion, Justice Kennedy stated that "[t]he First Amendment [the Constitution]

guards against laws 'targeted at specific subject matter,' [a] form of speech [the Constitution]

suppression known as content-based discrimination." Id. at 1765-1766 (Kennedy, J., concurring)

(quoting *Reed v. Town of Gilbert,* 576 U.S. 155. 169 (2015,) "This category includes a subtype

of laws that go further, aimed at the suppression of 'particular views ... on a subject.'" Id.

(Kennedy, J., concurring) (quoting *Rosenberger,* 515 U.S. at 829) (alteration in original). "A law

found to discriminate based on viewpoint is an 'egregious form of content discrimination,' which

is 'presumptively Unconstitutional.'" Id. (Kennedy, J., concurring) (quoting *Rosenberger,* 515

U.S. At 829-830). "A law found to discriminate based on viewpoint is an 'egregious form of

content discrimination,' which is 'presumptively Unconstitutional.'" Id. at 1766 (Kennedy, J.,

concurring) (quoting *Rosenberger,* 515 U.S. at 829-830). Therefore,"[t]he Court's finding of viewpoint bias end[s] the matter." *Iancu* v. *Brunetti.* 139 S. Ct. 2294. 2302 (2019)

**3.**      The language read into the statute 11 U.S.C. §523(a)(8) is content and viewpoint bias, and that should end this matter of using the disputed non-binding obiter dicta to save statute 11 U.S.C. §523(a)(8) from being void-for-vagueness, it is unconstitutional. This is an abuse of discretion, misconduct, a fraud on the court, and a good cause to grant this complaint.

**Fraud on the Court Claim**

**1.**      U.S. Supreme Court's Case of *Hazel-Atlas Glass Co.,* v. *Hartford-Empire Co.,* 322 U.S. 238 (1944) is important for a full understanding of the meaning of the phrase "fraud on the court". In an opinion authored by Justice Black, held that: [T]he general rule [is] that [federal courts will] not alter or set aside their judgments after the expiration of the term at which the judgments were finally entered... [but]. ... [e]very element of the fraud here disclosed demands the exercise of the historic power of equity to set aside fraudulently begotten judgments. This is not simply a case of a judgment obtained with the aid of a witness who, on the basis of after-discovered evidence, is believed possibly to have been guilty of perjury. Here, even if we consider nothing but Hartford's sworn admissions, we find a deliberately planned and carefully executed scheme to defraud not only the Patent Office but the Circuit Court of Appeals." Id. at 245.

**2.**      Nearly all the principles that govern a claim of fraud on the court come from the *Hazel-Atlas* case. First, the power to set aside a judgment exists in every court. Second, in whichever court the fraud was committed, that court should consider the matter. Third, while parties have the right to file a motion requesting the court to set aside a judgment procured by fraud, the court may also proceed on its own motion. Indeed, one court stated that the facts that had come to its

attention "not only justify the inquiry but impose upon us the duty to make it, even if no party to the original cause should be willing to cooperate, to the end that the records of the court might be purged of fraud, if any should be found to exist." *Root Refining Co.* v. *Universal Oil Prods. Co.*, 169 F.2d 514, 521-23 (3d Cir. 1948) Fourth, unlike just about every other remedy or claim existing under the rules of civil procedure or common law, there is no time limit on setting aside a judgment obtained by fraud, nor can laches bar consideration of the matter. The logic is clear: "[T]he law favors discovery and correction of corruption of the judicial process even more than it requires an end to lawsuits." *Lockwood* v. *Bowles*, 46 F.R.D. 625,634 (D.D.C. 1969).

3.    The Model Rules of Professional Conduct provide further guidance. Lawyers are professionally and ethically responsible for accuracy in their representations to the court. Rule 3.1 of the Model Rules of Professional Conduct states that lawyers "shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good-faith argument for an extension, modification or reversal of existing law." Model Rules of Prof'l Conduct R 3.1 (AM. BAR. ASS'N 2013) Similarly, Rule 3.3 provides that " [a] lawyer shall not knowingly ... make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer." Id. at 3.3(a).

4.    In addition to the rules of professional conduct and an attorney 's duty of candor as an officer of the court, Federal Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and not interposed for any improper purpose.

5.    An examination of the offender and his duties is important because violations of Federal Rule 11 or even the rules of professional conduct may give rise to a fraud-on-the-court claim,

even if those violations were not specifically directed to the court itself. In other words, "[ s]ince attorneys are officers of the court, their conduct, if dishonest, would constitute fraud on the court." *H.K. Porter Co.* v. *Goodyear Tire & Rubber Co.,* 536 F.2d 1115, 1119 (6th Cir. 1976) In order to establish fraud on the court, some courts require the movant to prove by clear and convincing evidence intentional fraudulent conduct specifically directed at the court itself. *Herring* v. *United States*, 424 F.3d 384, 386-87 (3d Cir. 2005).

6.      A harsh approach is unreasonable, especially if courts consider the victim. The Supreme Court in *Hazel – Atlas* made it clear that the fraud-on-the-court rule should be characterized by flexibility and an ability to meet new situations demanding equitable intervention. Because of the equitable and flexible nature of the rule, this brief contends that courts have ample leeway and discretion to consider the victim 's status - i.e., those parties unable to recognize or combat the fraud prejudgment - in determining whether to set aside a judgment for fraud on the court, it should not matter if it was a civil or criminal case when it comes to fraud on the court.

7.      Reading language into the Bankruptcy Statutes and Rules were a deliberately planned and carefully executed scheme to defraud debtors of student loans and to perpetrate a fraud on the court. This fraud affected my Bankruptcy and civil case and eliminated my liberty and caused tort and economic injuries, hence this lawsuit.

### Reason For Granting This Complaint

1.      I, William F. Kaetz, plaintiff, prays this Court find 11 U.S.C. §523(a)(8) unconstitutional for being void for vagueness and stop the serious absurd and discriminatory outcomes of the vagueness of statute 11 U.S.C. §523(A)(8) listed above and what happened to me, the statute did not protect me, a court determined indigent person, from creditors causing more undue hardship and the creditors stole my fresh start of bankruptcy.  With the content and viewpoint

discriminations, words read into the statute in conflict with Supreme Court's holdings,

institutions and creditors commit fraud with impunity and make the debtor pay for it. This fraud

needs to be stopped nationally, the voice of this Court is needed to correct these errors and stop

the serious absurd and discriminatory outcomes of the vagueness of statute 11 U.S.C.

§523(A)(8). This is part of the student loan crisis that needs to be corrected. This court is

obligated to correct these errors.

### Jury Trial Demanded

1.      Incorporating all the above, it is clear that relying on the government to do what is right is

a bad idea, this court and the 3rd circuit courts committed fraud on the court and read language

into the bankruptcy statute 11 U.S.C. §523(A)(8) and rule 7001 that do not exist, therefore the

only way to have a fair and impartial case it to have a jury trial on all matters presented herein. I

am demanding a Jury Trial pursuant to Federal Rules of Civil Procedure Rule 38, Right to a Jury

Trial; Demand.

### Charge 1 - Bivens Claims Against Government Employees

1.      All the above is incorporated herein as if fully set forth herein. The government

employees committed civil rights violations against me, William F. Kaetz, the plaintiff,

specifically the 1st, 5th, 8th, and 14th amendments. The requirements and jurisprudence of the

Bivens remedy make clear that Bivens is a judicially created doctrine (See *Bivens v. Six*

*Unknown Named Agents, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971)* that allows a

plaintiff to bring a cause of action for money damages against agents acting under the color of

federal authority who cause injury by violating the plaintiff's constitutional rights. (See generally

*Bivens* 403 U.S. at 389) to state a prima facia *Bivens* claim, the plaintiff must establish that (1)

the defendants violated a federal constitutional right of the plaintiff (2) the right was clearly

established (3) the defendant was a federal actor by virtue of acting under color of law, and (4)

the defendant was personally involved in the alleged violation. I established all 4 elements.

**2.**     The U.S. Supreme Court in *Ziglar* v. *Abbasi* 137 S. Ct. 1843 (June 19, 2017) noted "a

case can present a new context for *Biven* purposes if it implicates a different constitutional right;

if judicial precedents provide a less meaningful guide for official conduct; or if there are

potential special factors that were not considered in previous *Bivens* Actions cases." (Kennedy J.,

joined by Roberts, CH. J., and Thomas and Alto JJ., 6 participating justices)

**3.**     The United States, its agencies, and its actors in their official capacity are not a "Person"

under 42 U.S.C. § 1983, while actors in their individual capacity are considered a "Person." A

Bivens Action for civil rights deprivation is upon federal actors personally that include all the

DOJ persons and court officers that collaborated to perpetrate the fraud on the court.

**4.**     42 U.S.C. § 1983's language clearly states:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State or Territory or the District of Columbia, subjects, or causes to
> be subjected, any citizen of the United States or other person within the
> jurisdiction thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party injured in an
> action at law, suit in equity, or other proper proceeding for redress, except that in
> any action brought against a judicial officer for an act or omission taken in such
> officer's judicial capacity, injunctive relief shall not be granted unless a
> declaratory decree was violated or declaratory relief was unavailable. For the
> purposes of this section, any Act of Congress applicable exclusively to the
> District of Columbia shall be considered to be a statute of the District of
> Columbia.

**5.**     The federal actors subjected, and causes to be subjected, me, the plaintiff, to the

deprivation of rights, privileges, and immunities secured by the Constitution and laws, they are

liable to me, the plaintiff, they are guilty of using the color of law for the deprivation of my

Constitutionally protected rights.

6.      All the above is incorporated herein as if fully set forth herein. 42 U.S. Code § 1985 -

Conspiracy to interfere with civil rights, the language of this statute states:

> (3) Depriving persons of rights or privileges
>
> If two or more persons in any State or Territory conspire … for the purpose of
> depriving, either directly or indirectly, any person or class of persons of the equal
> protection of the laws, or of equal privileges and immunities under the laws; or
> for the purpose of preventing or hindering the constituted authorities of any State
> or Territory from giving or securing to all persons within such State or Territory
> the equal protection of the laws; … if one or more persons engaged therein do, or
> cause to be done, any act in furtherance of the object of such conspiracy, whereby
> another is injured in his person or property, or deprived of having and exercising
> any right or privilege of a citizen of the United States, the party so injured or
> deprived may have an action for the recovery of damages occasioned by such
> injury or deprivation, against any one or more of the conspirators.

7.      The federal actors conspired together to subject, and cause to be subject, me, the plaintiff,

to the deprivation of rights, privileges, and immunities secured by the Constitution and laws,

they are liable to me, the plaintiff, they are guilty of conspiring to the deprivation of my

Constitutionally protected rights.

## Charge 2 - Fraud

1.      Incorporating all the above, all the defendants committed fraud against me, William F.

Kaetz, the plaintiff, specifically the adding and reading language from non-binding obiter dicta

into statutes and rules.

## Charge 3 - Fraud on the Court

1.      Incorporating all the above, all the defendants committed fraud on the court against me,

William F. Kaetz, the plaintiff, specifically the adding and reading language from non-binding

obiter dicta into statutes and rules to cause and controlled the courts actions with the fraud.

### Charge 4 - Misconduct

1.      Incorporating all the above, all the defendants committed misconduct to fraud me, William F. Kaetz, the plaintiff, specifically the adding and reading language from non-binding obiter dicta into statutes and rules that is fraud on the court that is frivolous court filings in violation of court rule 11, it is misconduct.

### Charge 5 - Tort Injuries

1.      Incorporating all the above, all the defendants committed tort injuries against me, William F. Kaetz, the plaintiff, specifically the fraud of adding and reading language from non-binding obiter dicta, adding content and viewpoint discrimination against student loan debtors, into statutes and rules causing fraud on the court and manipulating court processes that caused me indigence and the loss of the fresh start of bankruptcy causing emotional and financial distress for the past 10 years, loss of due process, discrimination, and cruel and unusual punishment and intentional infliction of emotional distress.

### Monetary Relief

1.      Incorporating all the above, I am seeking monetary relief of $100,009,999.99. United States to pay $9,999.00, the rest to be divided among the defendants.

### Court 6 - Administrative Action

1.      Incorporating all the above, an injunction is being sought to stop the reading of court dicta and language into statutes and rules that do not exist in the statutes and rules by the DOJ and any other agencies and court officers.

### Count 7 - Writs

1.      Incorporating all the above, a Writ is being sought to stop the reading of court dicta and language into statutes and rules that do not exist in the statutes and rules by the DOJ and any

other agencies and court officers. A Writ to declare 11 U.S.C. §523(A)(8) unconstitutional for

being void for vagueness and all alleged undue hardship requirements discriminating student

loan debtors illegally created by the courts making law by the usurpation of legislative power

and the use of content and viewpoint discrimination are void.

## VII.    CERTIFICATION

I, William F. Kaetz, plaintiff/appellant, with my signature below, swear under penalty of

perjury all statements herein are true.

Respectfully Submitted...

Date: June 1, 2022  By: _____

William F. Kaetz
434 Abbott Road
Paramus, New Jersey, 07652
201-753-1063
kaetzbill@gmail.com