UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

William F. Kaetz,

    *Plaintiff*,

v.

United States of America, et al.,

    *Defendants*.

Civil Action No. 22-3469 (MEF)(JRA)

**OPINION and ORDER**

\* \* \*

A debtor sued the United States and others for allegedly committing fraud to prevent the discharge of his student loans.

The Court entered an order dismissing the complaint, and the debtor has now filed a motion to set aside the order.

The motion is denied.

\* \* \*

**I. Background**

    a. **Procedural History**

Federal law imposes certain limits on when student loan debt can be "discharged" in bankruptcy.[1] One of those limits is set out at 11 U.S.C. § 523(a)(8).

In June 2022, the Plaintiff[2] filed this lawsuit against various

---

[1] "A bankruptcy discharge extinguishes the . . . liability of the debtor with respect to . . . debt." Johnson v. Home State Bank, 501 U.S. 78, 84 n.5 (1991) (cleaned up).

[2] The Plaintiff is William F. Kaetz. The Plaintiff is proceeding without a lawyer. Therefore, his filings must be liberally construed. See Erickson v. Pardus, 551 U.S. 89, 94

1

Defendants.[3] His complaint alleged, among other things, that Section 523(a)(8) is unconstitutional. See Complaint at 10, 13, 26.

The Defendants moved to dismiss the complaint.

By a March 2023 order ("Order"), the Court granted the motions. The Court held the Section 523(a)(8) claim was barred by issue preclusion.[4] See Opinion (March 30, 2023) 8-14. It had already been pressed by the Plaintiff, in an earlier lawsuit. See id. at 9-11. And in that lawsuit, the Court noted, the claim had been rejected by the District Court --- and the District Court's determination had then been affirmed by the Court of Appeals. See id. at 11.

The Plaintiff now moves under Federal Rule of Civil Procedure 60 to set aside: (a) the Order, as well as (b) a separate docket-management order ("Docket Order").

The Rule 60 motion is before the Court.[5]

### b. The Plaintiff's Motion

The Plaintiff's motion presses two arguments.

---

(2007).

[3] The Defendants are: the United States of America; the United States Department of Justice; the Educational Credit Management Corp.; Experian; Transunion; Equifax INC; Law Offices of Kenneth L. Baum; Kenneth L. Baum; Schuckit & Associates; Camille R. Nicodemus; William R. Brown, Esq.; Price Meese Shulman & D'Arminio; Dorothy A. Kowal; Seyfarth Shaw LLP; Robert T. Szyba; Clark Hill International Law Firm; and Boris Brownstein, Esq.

[4] "[I]ssue preclusion . . . precludes a party from relitigating an issue actually decided in a prior case and necessary to the judgment." Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc., 140 S.Ct. 1589, 1594 (2020).

[5] This case was re-assigned to the undersigned on December 6, 2023.

2

First, that the Court should set aside the Order because it is legally erroneous. See Motion to Set Aside Judgement 7, 11.

And second, that the Court should set aside the Docket Order because it paused consideration of the Plaintiff's summary judgment motion while the Defendants' motions to dismiss were being considered. See id. at 11-12.

### c. The Court's Approach

The Court assesses the Plaintiff's principal arguments for setting aside the Order (Part II) and the Docket Order (Part III). The Court's conclusion: these arguments are not persuasive.

Accordingly, the Plaintiff's motion is denied (Part IV).

## II. Legal Error

The Plaintiff's initial argument is that he is entitled to relief from the Order because it was legally erroneous in two ways.[6]

First, the Order was predicated on issue preclusion --- and the Plaintiff argues that doctrine does not apply in cases like this one, that concern the constitutional separation of powers. See Motion to Set Aside Judgement 7, 11.

But the Plaintiff offers no authority for the assertion that issue preclusion does not apply to separation of powers claims. Indeed, preclusion doctrines (of which issue preclusion is a sub-set) routinely apply to constitutional claims (of which constitutional separation of powers claims are a sub-set). See, e.g., Allen v. McCurry, 449 U.S. 90, 97-99 (1980); Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, 916-17 (1940); Crawford v. Frimel, 337 F. App'x 211, 214 (3d Cir. 2009); Rose

---

[6] See generally Rule 60(b)(1) ("[a] court may relieve a party . . . from a[n] order" on account of "mistake"); Kemp v. United States, 596 U.S. 528, 530 (2022) (holding that Rule 60's reference to a "mistake" includes "a judge's error[] of law").

3

v. City of Allentown, 211 F. App'x 133, 138 (3d Cir. 2007); Switlik v. Hardwicke Co., Inc., 651 F.2d 852, 858-59 (3d Cir. 1981); see generally Lehman v. Lycoming Cnty. Children's Servs. Agency, 648 F.2d 135, 138 (3d Cir. 1981).

Second, the Order was assertedly based on dicta in Tennessee Student Assistance Corp. v. Hood, 541 U.S. 440 (2004) and United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260 (2010), and the Plaintiff argues that led the Court to the wrong conclusion. See Motion to Set Aside Judgement 8-11, 23.[7]

But the Plaintiff previously argued to the Court of Appeals that the District Court had erred when interpreting the Bankruptcy Code by relying on dicta from Espinosa. See Kaetz v. Educ. Credit Mgmt. Corp., 2022 WL 996422, at *2 (3d Cir. Apr. 4, 2022). And the Court of Appeals rejected that argument, and in doing so itself relied on Hood. See id.

In addition to the above, the Plaintiff seems to claim that by arguing from dicta the Defendants committed fraud, and that this is an extra reason to grant relief. See Motion to Set Aside Judgement 10; see generally Fed. R. Civ. P. 60(b)(3) ("[a] court may relieve a party . . . from a[n] order" on account of

---

[7] At some points, it appears the Plaintiff contends that courts may not reason from dicta. That is not the law. See Kappos v. Hyatt, 566 U.S. 431, 443 (2012) (noting the Court was not "inclined to ignore" dicta from a prior opinion); Graber v. Doe, 59 F.4th 603, 609 n.10 (3d Cir. 2023) ("we have held that statements made by the Supreme Court in dicta are highly persuasive") (cleaned up); Singh v. Uber Tech. Inc., 939 F.3d 210, 223 (3d Cir. 2019) ("we pay due homage to the Supreme Court's well-considered dicta as pharoi that guide our rulings") (cleaned up); Ball v. Famiglio, 726 F.3d 448, 459 n.14 (3d Cir. 2013) abrogated in part on other grounds by Coleman v. Tollefson, 575 U.S. 532 (2015) ("we should not idly ignore considered statements the Supreme Court makes in dicta because the Court uses dicta to help control and influence the many issues it cannot decide because of its limited docket, and because ignoring it increases the disparity among the Courts of Appeals") (cleaned up); Morrow v. Balaski, 719 F.3d 160, 169 (3d Cir. 2013) (en banc) ("we cannot lightly ignore the force of Supreme Court dicta").

"fraud").

But citing cases and arguing about their meaning and import is the everyday back-and-forth of our legal system. It is not fraud.[8] "Litigants routinely disagree about how courts should view" legal authority. 800 Servs., Inc. v. AT&T Corp., 822 F. App'x 98, 98 (3d Cir. 2020). "[T]he losing party cannot just repackage that disagreement to claim that the winning party committed fraud on the court." Id. And that repackaging is all the Plaintiff offers. The Plaintiff does not contend, for example, that the Defendants invoked made-up cases, or slipped evidence into the record that does not exist.

In short: there is no reason to believe the Court made a legal error, or that there was fraud. Therefore, the Court will not exercise its discretion to undo the Order.

### III. Legal Error - Administrative Termination

To see the Plaintiff's next argument, start with a small bit of additional procedural history.

The Defendants filed the majority of their motions to dismiss in August and September of 2022 and the motions were resolved about six months later by the March 2023 Order. In between, the Plaintiff filed a motion for summary judgment. The Court responded to that filing with the previously-referenced Docket Order. The Docket Order reads:

> Plaintiff's Motion for Summary Judgment (ECF No. 102), is ADMINISTRATIVELY TERMINATED as premature in light of the

---

[8] Some cases to that effect: Kaplan v. City of Chicago, 383 F. App'x 539, 542 (7th Cir. 2010); Roger Edwards, LLC v. Fiddes & Son Ltd., 427 F.3d 129, 137 (1st Cir. 2005); Oxford Clothes XX, Inc. v. Expeditors Int'l of Washington, Inc., 127 F.3d 574, 578 (7th Cir. 1997); Lindsey v. United States, 532 F. Supp. 2d 144, 147 (D.D.C. 2008); Welzel v. United States, 2008 WL 3972043, at *2 (D.D.C. Aug. 27, 2008); see generally Miller v. Yokohama Tire Corp., 358 F.3d 616, 621 (9th Cir. 2004); Twin City Bakery Workers & Welfare Fund v. Astra Aktiebolag, 207 F. Supp. 2d 221, 224 n.3 (S.D.N.Y. 2002).

5

> pending motions to dismiss (ECF Nos. 39, 42, 56, 58, 59, 62, and 90). No motions for summary judgment shall be filed before the resolution of the pending motions to dismiss. So Ordered by Magistrate Judge Jose R. Almonte on 1/25/2023.

Text Order (January 25, 2023).[9]

The Plaintiff filed a motion for reconsideration of the Docket Order. See Motion for Reconsideration (January 30, 2023).

The Court denied the motion. It concluded nothing "require[d] reconsideration of a routine administrative action this Court properly took in overseeing and managing its docket. It is obviously logical to decide whether a plaintiff has stated a cause of action at all before addressing a plaintiff's motion for summary judgment." Opinion (March 30, 2023) 23-24 n.17.

The Plaintiff, as noted above, now moves to set aside the Docket Order.[10]

But courts have inherent power to manage their dockets.[11]

---

[9] "[A]dministrative termination is a procedural device that allows a district court judge to get an inactive [motion] . . . off the list of pending [motions]." Baglione v. Clara Maass Medical Center, Inc., 2006 WL 2591119, at *4 (D.N.J. Sept. 8, 2006). It has "no legal consequence other than to remove that [motion] from the district court's active docket." Id. at *3. It is a "practical tool used by courts to prune overgrown dockets." Stevens v. Santander Holdings USA Inc., 799 F.3d 290, 296 (3d Cir. 2015) (cleaned up); see generally Penn West Assoc., Inc. v. Cohen, 371 F.3d 118, 127-28 (3d Cir. 2004).

[10] By doing this, the Plaintiff is in essence moving for reconsideration of the denial of his prior motion for reconsideration. For present purposes, the Court assumes arguendo this is allowed.

[11] See, e.g., Bechtel Corp v. Local 215, Laborers Int'l Union, 544 F.2d 1207, 1215 (3d Cir. 1976) (describing courts' power "to control the disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); see also, e.g., In re D'Amario, 367 F. App'x 355, 356 (3d Cir.

Tackling one motion before another is a bread-and-butter aspect of that power. And there is no reason to think that power was used in an unusual way here, let alone misused. It is indeed "routine," Opinion (March 30, 2023) 23-24 n.17, to resolve already-pending motions to dismiss before tackling later-filed motions for summary judgment --- and to hold off on consideration of the latter while the Court works through the former.[12]

Moreover, the logic of proceeding this way here was not hard to see. The Defendants had worked to fully brief the motions to dismiss. See Letter (January 18, 2023). Why make them go to the time and expense of briefing a new motion (for summary judgment) if resolution of an already-pending motion (to dismiss) might put an end to the case?

In short: it made sense for the Court to defer consideration of the motion for summary judgment while the motion to dismiss was pending; that deferral is what the Docket Order accomplished; and there is no reason to disturb it.

## IV. Conclusion

For the reasons set out above, the Court will not exercise its discretion to grant the Plaintiff's motion. The motion is denied.

---

2010).

[12] Some relevant cases: Jacobsen v. Citi Mortgage Inc., 2017 WL 1843709, at *2 (D.N.J. May 8, 2017) (denying a motion for summary judgment because motions to dismiss were already pending); Garfield Cnty. v. Biden, 2023 WL 4409334, at *2 (D. Utah July 7, 2023) ("The motion for summary judgment has been stayed until ruling on the motions to dismiss.") (cleaned up); Palamarachouk v. Chertoff, 568 F. Supp. 2d 460, 463 (D. Del. 2008) (staying ruling on a motion for summary judgement until the motion to dismiss was decided); Intel Corp. v. Malaysian Airline Sys., 652 F. Supp. 1101, 1101 n.1 (N.D. Cal. 1987) ("The court ordered the summary judgment motion taken off calendar pending a ruling on this motion to dismiss.").

IT IS on this 4th day of January, 2024, so **ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.