William F. Kaetz, Plaintiff
437 Abbott Road
Paramus, NJ 07652
(201) 753-1063
kaetzbill@gmail.com

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

WILLIAM F. KAETZ, Plaintiff,
v.
UNITED STATES OF
AMERICA, et al., Defendants.

Civil Action
No. 2:22-cv-03469 (MEF)(JRA)

## PLAINTIFF'S MOTION FOR JUDICIAL NOTICE PURSUANT TO FED. R. EVID. 201 IN SUPPORT OF MOTION FOR RECONSIDERATION AND, IN THE ALTERNATIVE, FOR CLARIFICATION

Plaintiff William F. Kaetz, proceeding pro se, respectfully moves this Court pursuant to Federal Rule of Evidence 201 for an order taking judicial notice of the following facts in support of his pending Motion for Reconsideration and, in the Alternative, for Clarification (ECF 196).

Under Federal Rule of Evidence 201(c)(2), the Court is required to take judicial notice when a party requests it and supplies the necessary information.

## Facts Subject to Judicial Notice

1. On August 6, 2018, in No. 2:16-cv-09225, Judge Cecchi entered an Order (ECF 86) certifying to the United States Attorney General,

1

pursuant to Fed. R. Civ. P. 5.1(b) and 28 U.S.C. § 2403, that constitutional questions had been raised. (Exhibit E, ECF 196.)

2. Plaintiff had properly raised and served the facial Article I challenge before that certification was entered.

3. The September 30, 2019 Opinion in the same case (ECF 99) assumed federal power existed and cited Article II, but conducted no enumerated-powers analysis under Article I. (Exhibit F, ECF 196.)

4. The United States never intervened on the merits of the Article I challenge after the 2018 certification.

5. No court has ever adjudicated on the merits whether Congress possesses Article I power to create the Department of Education or to render student loans nondischargeable under 11 U.S.C. § 523(a)(8).

These facts appear on the face of this Court's own orders and docket entries. They are therefore not subject to reasonable dispute.

The April 22, 2026 Text Order stated that Plaintiff "has not carried his burden as to the asserted unconstitutionality of the United States Department of Education." Because the threshold constitutional

question was properly certified but never decided, that statement rests on a false premise about both the record and the nature of the claim — a pure question of constitutional structure, not a factual matter requiring additional evidence from Plaintiff.

These facts support reconsideration of the April 22 Order under Local Civil Rule 7.1(i) and Fed. R. Civ. P. 60(d)(3). In the alternative, they support clarification of the Order so it accurately reflects the certification history and the undecided status of the constitutional question.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter an order taking judicial notice of the foregoing facts and considering them in deciding the pending Motion for Reconsideration and, in the Alternative, for Clarification.

Dated: June 6, 2026

William F. Kaetz, Plaintiff
437 Abbott Road
Paramus, NJ 07652
(201) 753-1063
kaetzbill@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2026, I caused a true and correct copy of the foregoing Plaintiff's Motion for Judicial Notice Pursuant to Fed. R. Evid. 201 in Support of Motion for Reconsideration and, in the Alternative, for Clarification to be served on all counsel of record and unrepresented parties via the Court's CM/ECF electronic filing system.

Dated: June 6, 2026

William F. Kaetz, Plaintiff
437 Abbott Road
Paramus, NJ 07652
(201) 753-1063
kaetzbill@gmail.com

4