William F. Kaetz, Plaintiff
437 Abbott Road
Paramus, NJ 07652
(201) 753-1063
kaetzbill@gmail.com

---

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

**WILLIAM F. KAETZ,**
**Plaintiff,**

v.

**UNITED STATES OF AMERICA, et al.,**
**Defendants.**

**Civil Action No. 2:22-cv-03469 (MEF)(JRA)**

---

**PLAINTIFF'S REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR JUDICIAL NOTICE PURSUANT TO FED. R. EVID. 201 AND MOTION FOR RECONSIDERATION AND, IN THE ALTERNATIVE, FOR CLARIFICATION**

---

## I.    INTRODUCTION

Plaintiff William F. Kaetz, proceeding pro se, respectfully submits this Reply Memorandum in further support of his Motion for Judicial Notice Pursuant to Fed. R. Evid. 201 (filed June 6, 2026) and the related Motion for Reconsideration and, in the Alternative, for Clarification (ECF 196).

**No opposition was filed by the June 22, 2026 deadline. The motion is unopposed.** Under Local Civil Rule 7.1(d), opposition papers were due fourteen days before the July 6, 2026 return date. Defendants' failure to file any opposition means the facts for which judicial notice is sought stand unrebutted. This Court should take judicial notice as requested and grant the related relief.

The five facts identified in the Motion are drawn exclusively from this Court's own docket entries and prior orders in the related case (No. 2:16-cv-09225). They are not subject to reasonable dispute. Under Federal Rule of Evidence 201(c)(2), "the court must take judicial notice if a party requests it and the court is supplied with the necessary information." All conditions for mandatory judicial notice are satisfied here.

## II.    PROCEDURAL BACKGROUND

On August 6, 2018, Judge Cecchi entered an Order (ECF 86 in No. 2:16-cv-09225) certifying to the United States Attorney General, pursuant to Fed. R. Civ. P. 5.1(b) and 28 U.S.C. § 2403, that constitutional questions had been raised in this litigation. Plaintiff had

properly raised and served the facial Article I challenge before that certification was entered.

On October 12, 2018, defendants filed a letter in the record (Doc. 87) confirming that the United States Attorney did not intervene on the merits of the Article I challenge. The September 30, 2019 Opinion (ECF 99) assumed the existence of federal power and cited Article II but conducted no enumerated-powers analysis under Article I. No court has ever adjudicated on the merits whether Congress possesses Article I power to create the Department of Education or to render student loans nondischargeable under 11 U.S.C. § 523(a)(8).

On April 22, 2026, this Court entered a Text Order stating that Plaintiff "has not carried his burden as to the asserted unconstitutionality of the United States Department of Education." That statement rests on a false premise: the threshold constitutional question was properly certified but never decided on the merits. It is a pure question of constitutional structure under Article I, not a factual matter requiring additional evidence from Plaintiff.

## III. ARGUMENT

### A. Judicial Notice Is Mandatory Under Fed. R. Evid. 201(C)(2)

Federal Rule of Evidence 201(c)(2) provides that "the court must take judicial notice if a party requests it and the court is supplied with the necessary information." The rule uses mandatory language. When a party supplies the Court with its own prior orders, docket entries, and party admissions appearing in the record, and those facts are "not subject to reasonable dispute," judicial notice is required.

Courts in this Circuit routinely take judicial notice of their own records and prior proceedings. See, e.g., *In re Indian Palms Assocs., Ltd.*, 61 F.3d 197, 205 (3d Cir. 1995) (judicial notice of court records is appropriate and often necessary for accurate adjudication). The five facts listed in Plaintiff's Motion qualify under Fed. R. Evid. 201(b)(2) because they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"—namely, this Court's own docket.

### B. The Noticed Facts Are Proper Subjects of Judicial Notice and Directly Relevant

Plaintiff respectfully requests that the Court take judicial notice of the following facts, all drawn from the Court's own records:

1. On August 6, 2018, Judge Cecchi entered an Order (ECF 86) certifying constitutional questions to the United States Attorney General pursuant to Fed. R. Civ. P. 5.1(b) and 28 U.S.C. § 2403.

2. Plaintiff had properly raised and served the facial Article I challenge before that certification was entered.

3. The September 30, 2019 Opinion (ECF 99) assumed federal power existed and cited Article II but conducted no enumerated-powers analysis under Article I.

4. The United States never intervened on the merits of the Article I challenge after the 2018 certification.

5. No court has ever adjudicated on the merits whether Congress possesses Article I power to create the Department of Education or to render student loans nondischargeable under 11 U.S.C. § 523(a)(8).

**Additionally, Plaintiff specifically requests judicial notice of Doc. 87 (the October 12, 2018 letter filed by defendants confirming that the United States Attorney did not intervene on the merits). This document is a court record and contains a party admission. It is properly subject to judicial notice and directly supports Fact No. 4 above. (Exhibit A)**

These facts are adjudicative facts central to whether the April 22, 2026 Text Order correctly placed a "burden" on Plaintiff to prove unconstitutionality of a question that was certified but never decided on the merits.

## C. The April 22, 2026 Text Order Rests on a False Premise Warranting Reconsideration or Clarification

The Text Order stated that Plaintiff "has not carried his burden as to the asserted unconstitutionality of the United States Department of Education." This premise is incorrect. The constitutional question was properly presented, certified under Rule 5.1 and § 2403, and the United States declined to intervene. No merits adjudication has ever occurred. Reconsideration is appropriate under Local Civil Rule 7.1(i) and Fed. R. Civ. P. 60(d)(3) to correct a clear error arising from the Court's own record, or, in the alternative, to clarify the Order so that it accurately reflects the certification history and the undecided status of the Article I question.

## D. Defendants' Failure to Oppose Confirms the Propriety of the Requested Relief

Because no opposition was filed, Defendants have not disputed any of the five facts, the propriety of judicial notice, or the relevance of

Page 6 of 8

Doc. 87. Their silence is consistent with the record: these are Court-generated facts appearing on the face of prior orders and docket entries. The motion should be granted as unopposed.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order:

1. Taking judicial notice, pursuant to Fed. R. Evid. 201(c)(2), of the five facts set forth in the Motion and of Doc. 87 (the October 12, 2018 defendants' letter confirming non-intervention by the United States);

2. Reconsidering and/or clarifying the April 22, 2026 Text Order to accurately reflect the certification history under Rule 5.1 and 28 U.S.C. § 2403 and the undecided status of the Article I constitutional question; and

3. Granting such other and further relief as the Court deems just and proper.

The motion is unopposed and ripe for decision on the papers.

## V.    CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2026, I caused a true and correct copy of the foregoing Reply Memorandum to be served on all counsel of

record via the Court's CM/ECF system, including newly appearing

counsel M. Guerra, Esq.

Respectfully submitted,

Dated: June 23, 2026

William F. Kaetz, Plaintiff
437 Abbott Road
Paramus, NJ 07652
(201) 753-1063
kaetzbill@gmail.com

Page 8 of 8