**William F. Kaetz, Pro Se**
437 Abbott Road
Paramus, NJ 07652
(201) 753-1063
kaetzbill@gmail.com

June 26, 2026

**Clerk of the United States District Court**
District of New Jersey
Martin Luther King Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

**Re:  William F. Kaetz v. United States of America, et al.**
**Civil Action No. 2:22-cv-03469 (MEF)(JRA)**
**Refiling of Reply Memorandum – Request for Immediate**
**Docketing (Original ADS Submission Confirmed June 23,**
**2026)**

Dear Clerk:

I am the pro se Plaintiff in the above-captioned matter. On Tuesday,
June 23, 2026, at 11:58 AM, I submitted my Reply Memorandum in
Further Support of Motion for Judicial Notice Pursuant to Fed. R. Evid.
201 and Motion for Reconsideration and, in the Alternative, for
Clarification via the Court's pro se ADS Webform system. I received an
automated confirmation email from DO_NOT_REPLY@njd.uscourts.gov
stating that the filing "was submitted and will be processed." A true and
correct copy of that confirmation email is attached hereto as Exhibit A.

As of this evening, June 26, 2026, the Reply Memorandum has not
appeared on the public docket. I called the Clerk's Office on June 25,
2026, and emailed the CM/ECF Help Desk earlier today (June 26) at
approximately 2:19 PM, stating that I would refile by the end of the day
if the document was not docketed. I received only a generic response
that the matter had been forwarded to the Newark Clerk's Office.

To ensure the Court receives and considers the Reply Memorandum before the July 6, 2026 return date, I am this evening (1) refiling the identical Reply Memorandum via the pro se ADS system and (2) mailing this cover letter together with a hard copy of the Reply Memorandum and the ADS confirmation (Exhibit A).

I respectfully request that the Clerk's Office process and docket the Reply Memorandum immediately upon receipt. The original ADS submission on June 23, 2026, was timely. This refiling is made solely to guarantee prompt docketing and consideration by the Court before any ruling on the pending motion.

Please contact me at (201) 753-1063 or kaetzbill@gmail.com if you require any additional information. Thank you for your prompt attention.

Respectfully submitted,

**William F. Kaetz**
Plaintiff, Pro Se

**Enclosures:**
Reply Memorandum (Refiled this evening, June 26, 2026)
Exhibit A – ADS Webform Confirmation Email dated June 23, 2026

cc:    *Hon. Michael E. Farbiarz, U.S.D.J. (chambers)*
    *All counsel of record (upon docketing)*

 **Gmail**

**Bill Kaetz <kaetzbill@gmail.com>**

---

## FW: ADS Webform Submission case 2:22-cv-03469

1 message

---

**NJD-HelpDesk** <ecfhelp@njd.uscourts.gov>                    Fri, Jun 26, 2026 at 2:26 PM
To: "kaetzbill@gmail.com" <kaetzbill@gmail.com>

6/26/26, 7:33 PM                    Gmail - FW: ADS Webform Submission case 2:22-cv-03469

Good afternoon,

This request has been received and forwarded to the Newark Clerk's Office for further review.

Thank you,

ECF Help Desk

**From:** Bill Kaetz <kaetzbill@gmail.com>
**Sent:** Friday, June 26, 2026 2:20 PM
**To:** NJD-HelpDesk <ecfhelp@njd.uscourts.gov>
**Subject:** ADS Webform Submission case 2:22-cv-03469

**CAUTION - EXTERNAL:**

Hello Help Desk

I submitted a filing on 6/23/2026

I do not see it on the docket

I want to make sure you got it

I will refile it by the end of today if I do not see it by 5pm

Please let me know.

Thank you

William Kaetz

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

---

📄 **Gmail - ADS Webform Submission_ Your filing was submitted and will be processed_.pdf**
    82K

William F. Kaetz, Plaintiff
437 Abbott Road
Paramus, NJ 07652
(201) 753-1063
kaetzbill@gmail.com

---

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

---

**WILLIAM F. KAETZ,**
**Plaintiff,**

v.

**UNITED STATES OF AMERICA, et al.,**
**Defendants.**

**Civil Action No. 2:22-cv-03469 (MEF)(JRA)**

---

## PLAINTIFF'S REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR JUDICIAL NOTICE PURSUANT TO FED. R. EVID. 201 AND MOTION FOR RECONSIDERATION AND, IN THE ALTERNATIVE, FOR CLARIFICATION

---

## I.      INTRODUCTION

Plaintiff William F. Kaetz, proceeding pro se, respectfully submits this Reply Memorandum in further support of his Motion for Judicial Notice Pursuant to Fed. R. Evid. 201 (filed June 6, 2026) and the related Motion for Reconsideration and, in the Alternative, for Clarification (ECF 196).

Page 1 of 8

**No opposition was filed by the June 22, 2026 deadline. The motion is unopposed.** Under Local Civil Rule 7.1(d), opposition papers were due fourteen days before the July 6, 2026 return date. Defendants' failure to file any opposition means the facts for which judicial notice is sought stand unrebutted. This Court should take judicial notice as requested and grant the related relief.

The five facts identified in the Motion are drawn exclusively from this Court's own docket entries and prior orders in the related case (No. 2:16-cv-09225). They are not subject to reasonable dispute. Under Federal Rule of Evidence 201(c)(2), "the court must take judicial notice if a party requests it and the court is supplied with the necessary information." All conditions for mandatory judicial notice are satisfied here.

## II.    PROCEDURAL BACKGROUND

On August 6, 2018, Judge Cecchi entered an Order (ECF 86 in No. 2:16-cv-09225) certifying to the United States Attorney General, pursuant to Fed. R. Civ. P. 5.1(b) and 28 U.S.C. § 2403, that constitutional questions had been raised in this litigation. Plaintiff had

properly raised and served the facial Article I challenge before that certification was entered.

On October 12, 2018, defendants filed a letter in the record (Doc. 87) confirming that the United States Attorney did not intervene on the merits of the Article I challenge. The September 30, 2019 Opinion (ECF 99) assumed the existence of federal power and cited Article II but conducted no enumerated-powers analysis under Article I. No court has ever adjudicated on the merits whether Congress possesses Article I power to create the Department of Education or to render student loans nondischargeable under 11 U.S.C. § 523(a)(8).

On April 22, 2026, this Court entered a Text Order stating that Plaintiff "has not carried his burden as to the asserted unconstitutionality of the United States Department of Education." That statement rests on a false premise: the threshold constitutional question was properly certified but never decided on the merits. It is a pure question of constitutional structure under Article I, not a factual matter requiring additional evidence from Plaintiff.

## III.  ARGUMENT

## A. Judicial Notice Is Mandatory Under Fed. R. Evid. 201(C)(2)

Federal Rule of Evidence 201(c)(2) provides that "the court must take judicial notice if a party requests it and the court is supplied with the necessary information." The rule uses mandatory language. When a party supplies the Court with its own prior orders, docket entries, and party admissions appearing in the record, and those facts are "not subject to reasonable dispute," judicial notice is required.

Courts in this Circuit routinely take judicial notice of their own records and prior proceedings. See, e.g., *In re Indian Palms Assocs., Ltd.*, 61 F.3d 197, 205 (3d Cir. 1995) (judicial notice of court records is appropriate and often necessary for accurate adjudication). The five facts listed in Plaintiff's Motion qualify under Fed. R. Evid. 201(b)(2) because they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"—namely, this Court's own docket.

## B. The Noticed Facts Are Proper Subjects of Judicial Notice and Directly Relevant

Plaintiff respectfully requests that the Court take judicial notice of the following facts, all drawn from the Court's own records:

Page 4 of 8

1. On August 6, 2018, Judge Cecchi entered an Order (ECF 86) certifying constitutional questions to the United States Attorney General pursuant to Fed. R. Civ. P. 5.1(b) and 28 U.S.C. § 2403.

2. Plaintiff had properly raised and served the facial Article I challenge before that certification was entered.

3. The September 30, 2019 Opinion (ECF 99) assumed federal power existed and cited Article II but conducted no enumerated-powers analysis under Article I.

4. The United States never intervened on the merits of the Article I challenge after the 2018 certification.

5. No court has ever adjudicated on the merits whether Congress possesses Article I power to create the Department of Education or to render student loans nondischargeable under 11 U.S.C. § 523(a)(8).

**Additionally, Plaintiff specifically requests judicial notice of Doc. 87 (the October 12, 2018 letter filed by defendants confirming that the United States Attorney did not intervene on the merits). This document is a court record and contains a party admission. It is properly subject to judicial notice and directly supports Fact No. 4 above. (Exhibit A)**

Page 5 of 8

These facts are adjudicative facts central to whether the April 22, 2026 Text Order correctly placed a "burden" on Plaintiff to prove unconstitutionality of a question that was certified but never decided on the merits.

## C. The April 22, 2026 Text Order Rests on a False Premise Warranting Reconsideration or Clarification

The Text Order stated that Plaintiff "has not carried his burden as to the asserted unconstitutionality of the United States Department of Education." This premise is incorrect. The constitutional question was properly presented, certified under Rule 5.1 and § 2403, and the United States declined to intervene. No merits adjudication has ever occurred. Reconsideration is appropriate under Local Civil Rule 7.1(i) and Fed. R. Civ. P. 60(d)(3) to correct a clear error arising from the Court's own record, or, in the alternative, to clarify the Order so that it accurately reflects the certification history and the undecided status of the Article I question.

## D. Defendants' Failure to Oppose Confirms the Propriety of the Requested Relief

Because no opposition was filed, Defendants have not disputed any of the five facts, the propriety of judicial notice, or the relevance of

Doc. 87. Their silence is consistent with the record: these are Court-generated facts appearing on the face of prior orders and docket entries. The motion should be granted as unopposed.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order:

1. Taking judicial notice, pursuant to Fed. R. Evid. 201(c)(2), of the five facts set forth in the Motion and of Doc. 87 (the October 12, 2018 defendants' letter confirming non-intervention by the United States);

2. Reconsidering and/or clarifying the April 22, 2026 Text Order to accurately reflect the certification history under Rule 5.1 and 28 U.S.C. § 2403 and the undecided status of the Article I constitutional question; and

3. Granting such other and further relief as the Court deems just and proper.

The motion is unopposed and ripe for decision on the papers.

## V.    CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2026, I caused a true and correct copy of the foregoing Reply Memorandum to be served on all counsel of

record via the Court's CM/ECF system, including newly appearing

counsel M. Guerra, Esq.

Respectfully submitted,

Dated: June 23, 2026

William F. Kaetz, Plaintiff
437 Abbott Road
Paramus, NJ 07652
(201) 753-1063
kaetzbill@gmail.com

## EXHIBIT A

## EVIDENCE OF LONG-STANDING PATTERN OF CONSTITUTIONAL AVOIDANCE

*(October 12, 2018 Joint Letter – D.N.J. No. 2:16-cv-09225)*

This exhibit contains the October 12, 2018 joint letter filed by the defendants in *Kaetz v. Educational Credit Management Corporation et al.*, D.N.J. No. 2:16-cv-09225.

In that letter, the defendants (TransUnion, Experian, Equifax, and ECMC) formally notified the Court that the Attorney General of the United States declined to intervene in response to Plaintiff's Rule 5.1 constitutional challenge regarding:

- Federal power over education under Article I, Section 8;
- The Tenth Amendment reservation of education to the States; and
- The constitutionality of the "undue hardship" standard in 11 U.S.C. § 523(a)(8).

This document demonstrates a consistent, decade-long pattern of the United States declining to address or defend the constitutionality of federal involvement in education and student-loan bankruptcy — the same constitutional questions Plaintiff has raised, and which remain unanswered, in the instant case.

The letter was filed on the docket in the 2016 case and is part of the official record.

**PRICE,
MEESE,
SHULMAN &
D'ARMINIO**
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

MACK-CALI CORPORATE CENTER
50 TICE BOULEVARD, SUITE 380
WOODCLIFF LAKE
NEW JERSEY 07677
TELEPHONE (201) 391-3737
FACSIMILE (201) 391-9360
www.pricemeese.com

GREGORY D. MEESE*
GAIL L. PRICE*+
FREDERIC M. SHULMAN*+
LOUIS L. D'ARMINIO* ◌
JOHN R. EDWARDS, JR.*
MICHAEL K. BREEN*
PAUL A. CONCIATORI*#
WILLIAM D. BIERMAN*
CATHY J. POLLAK*
THOMAS C. MARTIN*
JOHN L. MOLINELLI*x

RICHARD M. FRICKE*+
MARK W. GREENE*◌
KAREN F. EDLER*
MICHAEL A. OROZCO**
RICK A. STEINBERG*◌
DOROTHY A. KOWAL
JENNIFER M. KNARICH*◊

ALLYSON KASETTA*
BRIAN J. YARZAB
JACQUELINE E. SHULMAN*
JENNIFER M. BERARDO*
NATALIE N. DIRATSOUIAN*

* Also admitted in NY
+ Also admitted in DC
◌ Also admitted in PA
◊ Also admitted in CT
• Also admitted NY Fed Cts.
# Also LEED AP
x Bergen County Prosecutor (ret.)

Additional Offices:
+WEST RED OAK LANE. SUITE 302
WHITE PLAINS. NEW YORK 10604
TELEPHONE (914) 251-1618
FACSIMILE (914) 251-1230

ONE GATEWAY CENTER. SUITE 2600
NEWARK. NEW JERSEY 07102
TELEPHONE (973) 799-8551
FACSIMILE (973) 735-2719

October 12, 2018

<u>Via ECF</u>
The Honorable Claire C. Cecchi, U.S.D.J.
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Chambers 2B
Newark, NJ 07101

     **RE:**   ***William F. Kaetz v. Trans Union, LLC, et al.***
        U.S. District Court, District of New Jersey (Newark)
        Case No. 2:16-cv-09225-CCC-MF

Dear Judge Cecchi:

    Pursuant to the Court's August 6, 2018 Order [Doc. No. 86] in the above-referenced matter, Defendants Trans Union, LLC ("Trans Union"), Experian Information Solutions, Inc. ("Experian"), Equifax Information Services, LLC ("Equifax"), and Educational Credit Management Corporation ("ECMC") (collectively, the "Defendants"), through their respective counsel, submit the following joint status update.

    To the best of the Defendants' knowledge, the United States Attorney General has not intervened in this matter. The Defendants therefore submit that it is procedurally proper for the Court to reinstate the motions docketed at ECF Nos. 58, 59 and 69.

Respectfully,

*/s/ Katherine E. Carlton Robinson*
Katherine E. Carlton Robinson

*Counsel for Trans Union*

*/s/ Kenneth L. Baum*
Kenneth L. Baum

*Counsel for ECMC*

*/s/ Dorothy A. Kowal*
Dorothy A. Kowal

*Counsel for Experian*

*/s/ Jonathan D. Klein*
Jonathan D. Klein

*Counsel for Equifax*

PRESS FIRMLY TO SEAL


SUSTAINABLE
FORESTRY
INITIATIVE
Certified Sourcing
www.sfiprogram.org
SFI-00001


how2recycle.info
PAPER
POUCH

PRESS FIRMLY TO SEAL

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED


**UNITED STATES POSTAL SERVICE**® | **PRIORITY MAIL**®

- Expected delivery date specified for domestic use.
- Domestic shipments include $100 of insurance (restrictions apply).*
- USPS Tracking® service included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at *http://pe.usps.com*.

** See International Mail Manual at *http://pe.usps.com* for availability and limitations of coverage.

RECEIVED

JUN 3 0 2026

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

# FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

## TRACKED ■ INSURED


PS00001000014

EP14F November 2025
OD: 12 1/2 x 9 1/2

To schedule free Package Pickup,
scan the QR code.


USPS.COM/PICKUP


UNITED STATES POSTAL SERVICE. | Click-N-Ship®

P


usps.com
$15.07
US POSTAGE

06/27/2026
1 lb 0 oz

9410 8301 0935 5010 1985 82 0111 2001 0000 7102


U.S. POSTAGE PAID
Click-N-Ship®



Mailed from 07652  151332700592403

### PRIORITY MAIL®

WILLIAM KAETZ
437 ABBOTT RD
PARAMUS NJ 07652-2103

Created 2026-06-26
Flat Rate Envelope
RDC 03

C014

**SIGNATURE REQUIRED**


CLERK'S OFFICE
50 WALNUT ST RM 4015
NEWARK NJ 07102-3570

**USPS SIGNATURE TRACKING #**



9410 8301 0935 5010 1985 82



This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; November 2025; All rights reserved.

SKNA